# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| CLANT M. SEAY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) No. 1:16-cv-00068 |
| v. | ) Chief Judge Crenshaw |
| | ) Magistrate Judge Brown |
| | ) |
| BUCKY ROWLAND, et al., | ) |
| | ) |
|     Defendants. | ) |

To: The Honorable Waverly D. Crenshaw, Jr., Chief United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court are the following motions: Defendant Jerry W. Harris's motion to dismiss (Docket Entry No. 63), Defendant David Sisk's motion to dismiss (Docket Entry No. 66), and Defendant Callaway Dial's motion to dismiss (Docket Entry No. 69). The Magistrate Judge **RECOMMENDS** that these motions be **DENIED without prejudice.**

## I. BACKGROUND

Plaintiff, Clant M. Seay, proceeding *pro se*, originally filed this action on August 23, 2016. (Docket Entry No. 1). The District Judge referred the case to the Magistrate Judge for decision on all pretrial, nondispositive motions, and a report and recommendation on any dispositive motions. (Docket Entry No. 5). The Magistrate Judge later granted Plaintiff leave of the Court to file an amended complaint. (Docket Entry No. 52). In his amended complaint[1], Plaintiff asserts violations

---

[1]Although Plaintiff styled his amended complaint as a verified amended complaint, the verification does not comply with the requirement of 28 U.S.C. § 1746, as the verification does not state that Plaintiff is affirming the allegations under penalty of perjury. *Myers v. Transcor Am.*, LLC, No. 3:08-295, 2010 WL 3824083, at *9 (M.D. Tenn. Sept. 30, 2010); *Jackson v. Heyns*, No. 1:13-CV-636, 2015 WL 5691168, at *5 (W.D. Mich. Sept. 28, 2015).

of his civil rights under the First and Fourteenth Amendments against Defendants Bucky Rowland, Sheriff of Maury County, Tennessee; Jerry W. Harris; David Sisk; and Callaway Dial. (Docket Entry No. 53). Plaintiff asserts that Defendants conspired to deny him from exercising his "First and Fourteenth Amendment constitutional rights to take photos and videos at 2016 Columbia Spring Jubilee Horse Show on June 3, 2016, and post them on the internet and social media." Id. at ¶ 27. Plaintiff's allegations are based upon the following.

Plaintiff is a journalist and welfare advocate associated with "the Citizens Campaign Against 'Big Lick' Animal Cruelty" ("CCABLC"), who protests animal cruelty at Tennessee Walking Horses competitions. Id. at ¶¶ 15-17. Plaintiff attends horse shows to gather news, take photographs and make videos to publish on his website, www.billygoboy.com. Id. at ¶ 18. Plaintiff's claims stem from events that allegedly occurred on June 3, 2016, during the Columbia Spring Jubilee Horse Show that was being held at the public Maury County Park. Id. at ¶ 19.

On or around June 1, 2016, David Sisk, the Jubilee Horse Show manager, and Jerry W. Harris, a videographer with Peahead Productions, Inc. and producer of the TV show, "What a Horse," entered into an agreement where Sisk agreed to sell Harris the exclusive video rights for commercial reproduction of the Columbia Jubilee Horse Show. Id. at ¶¶ 12-13, 19, 28; Docket Entry No. 53-1, at 46. On June 3, 2016, Plaintiff and his "journalistic associates and animal welfare advocates" attended the Columbia Jubilee Horse Show with the intention of taking videos and photographs at the show for the purpose of putting them on the internet and social media to "inform the public and for the world to see the 'Big Lick' Animal Cruelty to Tennessee Walking Horses." Id. at ¶¶ 19, 22. Sheriff Bucky Rowland instructed Plaintiff to stop videoing "events taking place at the Columbia Spring Jubilee Horse Show . . . or there could/would be civil and criminal

2

consequences if they did not do so." *Id*. at ¶ 19.  In doing so, Sheriff Rowland referenced the video rights agreement between Sisk and Harris.  *Id*. at ¶¶ 19, 21.

Plaintiff alleges the following:

19. On Friday, June 3, 2016, Bucky Rowland, as Sheriff of Maury County, after conspiring with, Columbia Spring Jubilee Horse Show Chairman Mr. David Sisk and Mr. Jerry W. Harris, and their agents, Sheriff Rowland, and his Deputies, under color of law, approached Seay, his journalistic associates and animal welfare advocates with the Citizens Against "Big Lick" Animal Cruelty and intimidated, threatened and interfered with Seay and his journalistic associates/animal welfare advocates in the exercise of their constitutional rights and instructed Seay to turn off their video cameras and stop videoing events taking place at the Columbia Spring Jubilee Horse Show at the Maury County Park (Columbia, TN), or there could/would be civil and criminal consequences if they did not do so. By doing these things, Mr. Bucky Rowland, as Sheriff, referenced an alleged Agreement entered into by Columbia Spring Jubilee Horse Show Chairman Mr. David Sisk which forbid citizens or Seay acting as a journalist from making videos of what was going on at the Columbia Spring Jubilee at the public Maury County Park and providing them to the public. By doing this, Sheriff Bucky Rowland intimidated, threatened and interfered with and attempted to deprive Seay, and his journalistic associates, who were attending the horse show of their First Amendment constitutional rights. . . .

20. Additionally, Maury County Sheriff Bucky Rowland, at the behest, insistence and assistance of fellow state actors, Mr. David Sisk, Mr. Jerry W. Harris, and Mr. Callaway Dial, instructed his Deputy Sheriffs to instruct persons to not make videos and put them on the internet. . . .

. . . .

22. The plaintiff alleges that Defendants Mr. David Sisk, and Mr. Jerry Harris maliciously, intentionally, recklessly and outrageously schemed, colluded and conspired as state actors, along with Maury County Sheriff Bucky Rowland, and his Deputies, all acting under color of state law, to injure, oppress, threaten, intimidate and deprive the plaintiff (publisher of www.billygoboy.com publication) and his journalistic associates/animal welfare activists from being able to freely exercise their First Amendment and Fourteenth Amendment constitutional rights to take videos and photos at the Columbia Spring Jubilee Horse Show in Maury County Park on June 3, 2016, for the purpose of putting them on the internet and social media [to] inform the public and for the world to see the "Big Lick" Animal Cruelty to Tennessee Walking Horses.

. . . .

3

> 27. Plaintiff alleges that Mr. David Sisk, Mr. Jerry W. Harris, Mr. Callaway Dial and Maury County Sheriff Bucky Rowland, and his Deputies, allegedly conspired in an organized effort to deny the plaintiff and his journalistic associates/animal welfare advocates from exercising their First and Fourteenth Amendment constitutional rights to take photos and videos at 2016 Columbia Spring Jubilee Horse Show on June 3, 2016, and post them on the internet and social media.
>
> 28. Mr. Callaway Dial was the Ringmaster of the Columbia Spring Jubilee Horse Show on June 3, 2016, and is a member of the Maury County Horsemans Association which, according to Mr. David Sisk's deposition testimony, voted on and approved the "agreement" to not allow videos to be made by citizens at the Columbia Spring Jubilee Horse Show. As ringmaster, Mr. Callaway Dial stands on the grass while horses are being exhibited at the horse show. Mr. Dial can be seen on the "Undercover" video made by reporter for www.billygoboy.com publication outside the show ring on the grass bank overlooking the West End of the show arena conferring with Maury County Deputy Sheriff Coby Bear immediately before the reporter is accosted and threatened by Mr. Jerry W. Harris. . . .

Id. at ¶¶ 19-20, 22, 27-28. As for relief, Plaintiff seeks the following:

> injunctive relief, declaratory relief, nominal damages, and punitive damages in the amount of $100,000.00 each, respectively, against Defendants: Mr. David Sisk and Mr. Jerry Harris; and other costs and expenses against said Defendants, and Maury County Sheriff Mr. Bucky Rowland, in his official capacity as Sheriff of Maury County, Tennessee. Defendants Sisk and Harris acted with malice and reckless disregard for the federally protected rights of the Plaintiff.

*Id*. at ¶ 29.

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'makes assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Jackson v. Ford Motor Co.*, 842 F.3d 902, 906

(6th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).  A claim to relief is plausible if the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556)).  A court must construe the complaint "'in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'"  *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (citation omitted).

However, courts "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."  *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'–'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (citation omitted).  While *pro se* complaints are liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* complaints "must still contain 'enough facts to state a claim to relief that is plausible on its face.'"  *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570); *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010).

"A motion under Rule 12(b)(6) is directed solely to a complaint itself . . . ."  *Sims v. Mercy Hosp.*, 451 F.2d 171, 173 (6th Cir. 1971).  Yet, in evaluating a plaintiff's complaint, under Fed. R. Civ. P. 10(c), any matters attached to the pleadings are considered part of the pleadings as are documents that a defendant attaches to a motion to dismiss that are referred to in the complaint and "central" to the claim.  *Fagan v. Luttrell*, 225 F.3d 658, No. 97-6333, 2000 WL 876775, at *2 (6th Cir. June 22, 2000) (citing *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)); *Rondigo,*

5

*L.L.C. v. Township of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) ("[A] court may consider 'exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment.") (quoting *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)); *Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993) (plaintiffs' affidavits were not outside the pleading as they did nothing more than verify the complaint, did not add anything new and, in effect, reiterated the contents of the complaint itself); *Bailey v. City of Ann Arbor*, 860 F.3d 382, 386-87 (6th Cir. 2017) (courts may consider videos when deciding motions to dismiss).

### III. ANALYSIS

Defendant Harris contends that he is not a state actor, nor was he acting under color of law on June 3, 2016, and that Plaintiff failed to allege sufficient factual allegations to state a claim. (Docket Entry No. 63). Defendant Sisk contends that Plaintiff has not plausibly alleged that he acted under color of state law, as there are no specific factual allegations of conspiracy in the amended complaint and no inference of any conspiracy can be drawn from the allegation that Sisk entered into an agreement selling exclusive video rights to Harris. (Docket Entry No. 66). Defendant Dial contends that Plaintiff's amended complaint lacks any specific factual allegations that Dial conspired with any state actor to violate Plaintiff's constitutional rights. (Docket Entry No. 69). These Defendants also seeks attorney fees pursuant to 28 U.S.C. §1927.

In response (Docket Entry Nos. 78, 80, 82), Plaintiff contends that he sufficiently alleged that these Defendants, though nominally private parties, were members "of a conspiracy with others, including a public actor, to violate Plaintiff's federally protected constitutional rights," and that

6

Defendants' motions to dismiss are "premature due to the fact that the depositions of Defendant Sheriff Bucky Rowland, Defendant Callaway Dial and third-party Yolanda Dial have not yet been taken." Id. at 1, 2.

Title 42 U.S.C. § 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988). The essential elements of a § 1983 claim are: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprives a person of rights, privilege, or immunities secured by the Constitution or laws of the United States. *Savoie v. Martin*, 673 F.3d 488, 493 (6th Cir. 2012). A claim under § 1983 will not lie against a party for purely private conduct, but instead is aimed at action taken under color of state law. *Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 784 (6th Cir. 2007). "A person 'acts under color of state law when he abuses the position given to him by the state.' The key determinant is whether the actor intends to act in an official capacity or to exercise official responsibilities pursuant to state law." *Waters v. City of Morristown, TN*, 242 F.3d 353, 359 (6th Cir. 2001) (citations omitted).

However, there are instances in which private persons may, by their actions, become "state actors" under § 1983. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

> "Private persons, jointly engaged with state officials in [a] prohibited action, are acting under color of law for purposes of the statute. To act under color of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." Therefore, a private party can fairly be said to be a state actor if (1) the deprivation complained of was "caused by the exercise of some right or privilege created by the State" and (2) the offending party "acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."

*Id*. at 590-91 (citations omitted).

To determine whether a private entity or individual acted under color of state law, courts apply three tests: "'(1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test.'" *Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 784 (6th Cir. 2007) (citation omitted); *Wilkerson v Warner*, 545 F. App'x 413, 421 n.2 (6th Cir. 2013).[2] However, these "tests are 'relevant only in cases in which there are no allegations of cooperation or concerted action between state and private actors.'" *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir.2007) (quoting *American Postal Workers Union, Local 96 v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004)). "If a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983." *Cooper v. Parrish*, 203 F.3d 937, 952 n.2 (6th Cir. 2000); *Pritchard v. Hamilton Twp. Bd. of Trustees*, 424 F. App'x 492, 507 (6th Cir. 2011). "Such claims of conspiracies between private and state actors, if adequately alleged, generally suffice to establish state action on the part of the private actors for the purpose of deciding a motion to dismiss." *Revis*, 489 F.3d at 292; *Hines v. Langhenry*, 462 F. App'x 500, 503 (6th Cir. 2011).

The Sixth Circuit has set forth the standards for finding such a civil conspiracy:

---

[2]These three tests are described as follows:

"The public function test requires that 'the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain.'" "The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." "Under the nexus test, 'the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself.'"

*Wilkerson v. Warner*, 545 F. App'x 413, 421 n.2 (6th Cir. 2013) (citations omitted).

8

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that [(1)] there was a single plan, [(2)] that the alleged coconspirator shared in the general conspiratorial objective, and [(3)] that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). "Although circumstantial evidence may prove a conspiracy, '[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'" *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011) (citations omitted).

Here, Plaintiff alleges that Sisk, Harris, Dial and Sheriff Rowland conspired to deny Plaintiff from exercising his First and Fourteenth Amendment constitutional rights to take photos and videos at the Columbia Spring Jubilee Horse Show on June 3, 2016; that as grounds, Sheriff Rowland referenced an agreement entered between Sisk, on behalf of the Maury County Horseman's Association, and Harris; that Sisk and Harris and Sheriff Rowland, "and his Deputies, under color of law, approached Seay, his journalistic associates and animal welfare advocates with the Citizens Against 'Big Lick' Animal Cruelty and intimidated, threatened and interfered with Seay and his journalistic associates/animal welfare advocates in the exercise of their constitutional rights and instructed Seay to turn off their video cameras;" that Sheriff Rowland threatened Plaintiff with possible criminal consequences; that Dial is a member of the Maury County Horseman's Association, which voted on and approved the agreement; and that "Sheriff Bucky Rowland, at the behest, insistence and assistance of fellow state actors, Mr. David Sisk, Mr. Jerry W. Harris, and Mr.

9

Callaway Dial, instructed his Deputy Sheriffs to instruct persons to not make videos and put them on the internet." (Docket Entry No. 53, ¶¶ 27, 19, 21, 28, 20).

At this stage of the lawsuit, the amended complaint is read in the light most favorable to the *pro se* Plaintiff. The factual allegations in the amended complaint, if accepted as true, raise a plausible claim of a civil conspiracy amongst the individual Defendants. *See Memphis*, 361 F.3d at 905-06 (finding that the complaint sufficiently alleged all of the elements of conspiracy: "it is alleged that a single plan existed ('was the result of an agreement'); that the conspirators shared in the general conspiratorial objective ('to deprive [the Union] of its rights, privileges and immunities'), and that an overt act was committed (that Memphis 'continuously conferred with agents of Phillips and Pro-Tech before confronting members of the [Union]' and 'that Phillips directed and conspired with the City of Memphis to direct police officers to harass, threaten and intimidate the plaintiff') in furtherance of the conspiracy that caused injury (several violations are alleged)").

Defendant Sisk argues that the video license "contract"[3] did not forbid Plaintiff from acting as a journalist and making videos, that "members of the press (including Plaintiff) could still attend, report on, and describe the events at the Columbia Jubilee," that "[t]here was no censorship of the media's portrayal of the event-the press remained quintessentially free to observe, comment and portray," and that there was no specific allegations "that Plaintiff was actually prevented from filming the event on the night in question, the next night, or the following year (in June 2017)." (Docket Entry No. 67, at 8). These contentions, among others raised by Defendants, would be more appropriately addressed on a motion for summary judgment.

---

[3]Although Defendants refer to the agreement as a contract, the agreement, which is referenced in and attached to the amended complaint, does not provide any consideration for the exclusive video rights. Docket Entry No. 53-1, at 46.

The parties also reference deposition testimony and video recording of the alleged incident, which the Magistrate Judge elects not to consider under Fed. R. Civ. P. 12(d). *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) ("Where the evidence 'captures only part of the incident and would provide a distorted view of the events at issue,' as the district court concluded with respect to the videotape, we do not require a court to consider that evidence on a 12(b)(6) motion.").

## IV. RECOMMENDATION

Accordingly, for these reasons, the Magistrate Judge **RECOMMENDS** that Defendant Jerry W. Harris's motion to dismiss (Docket Entry No. 63), Defendant David Sisk's motion to dismiss (Docket Entry No. 66), and Defendant Callaway Dial's motion to dismiss (Docket Entry No. 69) be **DENIED without prejudice.**

The parties have fourteen (14) days after being served with a copy of this Report and Recommendation ("R&R") to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**ENTERED** this 21st day of November, 2017.

/s/   Joe  B.  Brown
JOE B. BROWN
United States Magistrate Judge