# IN THE UNITED STATES DISTRICT COURT FOR
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CLANT M. SEAY,<br>    Plaintiff,<br>v.<br><br>BUCKY ROWLAND, in his official<br>capacity as Sheriff of Maury County,<br>Tennessee, DAVID SISK, CALLAWAY<br>DIAL and JERRY W. HARRIS,<br>    Defendants. | NO. 1:16-cv-00068<br><br>DISTRICT JUDGE CAMPBELL<br>MAGISTRATE JUDGE BROWN |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 168), recommending the Court: grant Defendant Bucky Rowland's Motion for Summary Judgment (Doc. No. 119); grant Defendants David Sisk's and Callaway Dial's Motion for Summary Judgment (Doc. No. 123); grant Defendant Jerry W. Harris's Motion for Summary Judgment (Doc. No. 127); deny Defendant Sisk's request for an award of attorney's fees and costs under 42 U.S.C. § 1988 and 28 U.S.C. § 1927; and grant Defendant Dial's request for an award of attorney's fees and costs under 42 U.S.C. § 1988 and deny an award of attorney's fees and costs under 28 U.S.C. § 1927 to Defendant Dial.

Clant M. Seay ("Plaintiff") filed objections to the R&R (Doc. Nos. 177, 178), and Defendants filed responses to the objections. (Doc. Nos. 179, 180, 181). The Court has reviewed the R&R and the objections, and conducted a *de novo* review of the record. For the following reasons, Plaintiff's objections are **OVERRULED**, and the R&R is **ADOPTED** in its entirety.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States*

1

*v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009); *Lea v. United States Dep't of Agric.*, 2018 WL 721381, at *1 (M.D. Tenn. Feb. 6, 2018) ("A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge."). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

The relevant facts in this case are summarized by the Magistrate Judge's R&R (Doc. No. 168), and are adopted for purposes of this Order. Despite the requirement that a party object specifically to a magistrate judge's R&R and not simply restate previous arguments, Plaintiff filed objections, many of which essentially re-state the arguments previously made. The Court, nevertheless, has conducted a *de novo* review of the record and will attempt to address Plaintiff's objections.

First, Plaintiff objects to the Magistrate Judge's recommendation that Sheriff Rowland violated Plaintiff's First Amendment rights. (Doc. No. 178 at 3). Plaintiff asserts there are genuine issues of material fact as to whether Sheriff Rowland's action would deter a person from exercising his rights. Plaintiff argues he was not required to show that he himself was deterred from exercising his First Amendment Rights, and the fact that he persevered despite the threats of arrest from Sheriff Rowland does not prevent a finding that his constitutional rights were chilled. Similar to his summary judgment responses, Plaintiff cites to cases that are factually distinguishable from the

facts of his case. Unlike the cases cited by Plaintiff, the undisputed facts show Sherriff Rowland did not arrest, cite or display handcuffs when he spoke to Plaintiff about filming. The Magistrate Judge correctly found Plaintiff was not deterred by Sheriff Rowland's words and actions because Plaintiff continued to film the show. Having conducted a *de novo* review of the Magistrate Judge's determinations and Plaintiff's objections, the Court concludes the objections are without merit, and the R&R's of findings on whether Sherriff Rowland violated Plaintiff's First Amendment Rights should be adopted. Accordingly, Sherriff's Rowland's motion for summary judgment is **GRANTED**.

Second, Plaintiff argues there are genuine issues of material fact as to whether Defendants Sisk, Dial, and Harris conspired to violate Plaintiff's First Amendment Rights. (Doc. No. 178 at 9). However, because the Court agrees with the Magistrate Judge that there is no underlying constitutional violation, Plaintiff's conspiracy claim cannot succeed. After conducting a *de novo* review, the Court adopts the Magistrate Judge's R&R and **GRANTS** the summary judgment motions filed by Defendant Sisk, Dial, and Harris.

Finally, Plaintiff argues the Magistrate Judge erred in awarding Defendant Dial attorneys' fees under the Civil Rights Attorney's Fees Act, 42 U.S.C. § 1988. (*Id.* at 16). Plaintiff argues his claims against Defendant Dial were not frivolous or unreasonable to justify sanctions based on the fact that Defendant Dial filed a motion to dismiss that was subsequently denied. (*Id.* at 17-18). Plaintiff asserts he produced sufficient evidence to show Defendant Dial was part of a conspiracy to violate Plaintiff's constitutional rights. However, the Court finds the Magistrate Judge correctly found that attorney's fees under 42 U.S.C. § 1988 was appropriate because Plaintiff failed to show even a minimal connection to Defendant Dial and the alleged events. (Doc. No. 168 at 19). Having conducted a *de novo* review of the Magistrate Judge's determinations and Plaintiff's objections,

3

the Court adopts the R&R; consistent with the limitations as set forth in the R&R, Defendant Dial's request for attorney's fees and costs pursuant to 42 U.S.C. § 1988 is **GRANTED**.

This Order shall constitute the final judgment in this case under Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE